# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DORRIS L Y DOOLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:17-cv-01324-TWP-DML |
| WARDEN,[1] | ) ) ) |
| Respondent. | ) |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Dorris L. Y. Dooley ("Ms. Dooley") which challenges a prison disciplinary proceeding identified as No. IWP 17010019. For the reasons explained in this Order, Ms. Dooley's habeas petition must be **denied**.

## I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985);

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to Fed. R. Civ. P. 25(d).

*Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II.     THE DISCIPLINARY PROCEEDING

On December 30, 2016, Sergeant Lewis wrote a Report of Conduct charging Ms. Dooley with a violation of B-236, disorderly conduct. The Report of Conduct states:

> At approximately 400 am offender Dorris Dooley 259567 hit the button for control II and stated that she had to use the restroom. I sergeant De'ja Lewis advised offender Dorris Dooley 259567 that she would have to wait for staff working unit 12 to open her door, control II does not pop doors for unit 12 except for breakfast, lunch, and dinner. Offender Dorris Dooley 259567 then became very irate yelling and banging on the door calling me a "Bitch" and stated "if i [sic] knew what was best for me I would open her door if I wanted my job". Offender Dorris Dooley 259567 stated "You bitches never do your job". I sergeant [sic] De'ja Lewis advised offender Dorris Dooley 259567 that once she calmed down she would be able to come out and use the restroom. Offender Dorris Dooley 259567 continued to yell and bang on the door stating that she needed to be put on suicide watch because she felt like harming herself. Therefore offender Dorris Dooley 259567 is being charged with 236 Disorderly.

Dkt. [1]-1 at 1; Dkt. [15]-1.

Ms. Dooley was notified of the charge on January 10, 2017, when she received the Screening Report. Dkt. [15]-2. She pleaded not guilty to the charge and requested a lay advocate. She asked to call two witnesses: (1) Officer Stewart for a statement that "they do run a bathroom line" and (2) a member of the medical staff for a statement that Ms. Dooley "has bathroom issues waiting to be addressed." *Id*. She also requested two items of physical evidence: (1) a schedule of activities and (2) a video showing the bathroom line from 11pm to 5am. *Id.* The hearing officer denied Ms. Dooley's request for a statement from Officer Stewart because it is a "well known fact" that "bathroom lines are ran [sic] on unit 12," and therefore the statement would be irrelevant. Dkt. [15]-3. The hearing officer also denied her request for a statement from medical because the document is kept on file and was unnecessary at the hearing. *Id.* Finally, the disciplinary hearing

2

board determined that allowing the offender to view the recorded evidence would jeopardize the safety and/or security of the facility and prepared a video summary that stated, "[t]he request for video evidence from 11pm – 5am in regards to the unit running a bathroom line is irrelevant. It is a well known fact that bathroom lines are ran." Dkt. [15]-4.

The prison disciplinary hearing was held on January 12, 2017. According to the notes from the hearing, Ms. Dooley stated: "I do not recall asking Ms. Lewis to use the restroom. It was over suicide watch. Between 11 and 5 we are to be let out as needed. I woke up with swelling. Instead of hurting myself I asked for help." Dkt. [1-]1 at 2; Dkt. [15]-5. Based on the staff reports and Ms. Dooley's statement, the hearing officer found Ms. Dooley guilty of B-236, disorderly conduct. The sanctions imposed included ninety (90) days of earned-credit-time deprivation.

Ms. Dooley appealed to the Facility Head, which was denied. She alleges that she appealed to the Indiana Department of Correction ("IDOC") Final Reviewing Authority on multiple occasions and never received a response. The Respondent asserts that, as of August 4, 2017, Ms. Dooley has never filed an appeal to the Final Reviewing Authority. *See* Dkt. [8]-2, Dkt. [8]-3, Dkt. [13]-1, Dkt. [13]-2. Ms. Dooley then brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.  ANALYSIS

Ms. Dooley asserts three grounds to challenge her prison disciplinary conviction: (1) she did not receive a fair hearing because the hearing officer was being intimidating, yelled and screamed at her, and removed from the hearing; (2) she only pushed the intercom button because it was an emergency and she had suicidal thoughts; and (3) she was charged with profanity, but she only used profanity because the officer was an argumentative person who did not care about providing assistance. The Respondent asserts that because Ms. Dooley has never filed an appeal

3

to the Final Reviewing Authority, she has failed to exhaust all of her administrative remedies. As to the merits of her claims, the Respondent restates Ms. Dooley's claim as (1) whether the hearing officer was intimidating; and (2) sufficiency of the evidence. The Respondent asserts that Ms. Dooley's first ground does not state a claim for habeas relief, and that the evidence was sufficient to support the charge of disorderly conduct. In reply, Ms. Dooley asserts that certain due process rights were violated including her right to request a witness, the right to present documentary evidence, and the right to speak on her own behalf at the hearing.

**A.      Failure to Exhaust**

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The Respondent argues that Ms. Dooley failed to exhaust the administrative appeals process because she never appealed to the Final Reviewing Authority. Ms. Dooley asserts that she has repeatedly appealed to the Final Reviewing Authority without a response. Based on the briefing, it appears that Ms. Dooley earnestly has been attempting to appeal her disciplinary conviction to the Final Reviewing Authority, but has not been following the appropriate procedures to do so.

In any case, it appears to be in the interests of both justice and judicial efficiency that the merits of Ms. Dooley's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609-10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

4

In this case, considering Ms. Dooley's claims on the merits rather than first resolving the exhaustion issue will most likely promote judicial economy. The review permitted of the challenged proceeding is narrow. It appears to be an inefficient use of the Court's resources and the parties' time to become invested in untangling the parties' dispute about whether Ms. Dooley exhausted her administrative remedies.

**B.    Sufficiency of Evidence**

Although Ms. Dooley does not explicitly challenge the sufficiency of the evidence, the Respondent has restated her grounds to include such a challenge.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The Adult Disciplinary Code Section B-236 is entitled "Disorderly Conduct (Class B)," and is defined as: "[d]isorderly conduct: exhibiting disruptive and violent conduct which disrupts the security of the facility or other area in which the offender is located." Indiana Department of

Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Regardless of the behavior of officers on duty that night or whether Ms. Dooley was having suicidal thoughts or needed to go to the bathroom, Ms. Dooley was cursing at an officer and repeatedly yelling and banging on her door at 4:00 a.m. Moreover, Ms. Dooley was repeatedly hitting the button to communicate with the control room and occupying the intercom system. Such behavior is disruptive and violent and disrupts the security of the facility as officers must necessarily address Ms. Dooley's behavior to the exclusion of other inmates. The Report of Conduct is "some evidence," under *Ellison*, that Ms. Dooley violated B-236 with disorderly conduct. Thus, Ms. Dooley's challenge to the sufficiency of the evidence must be rejected.

C.   **Hearing Officer was Intimidating**

Ms. Dooley asserts that she did not receive a fair hearing because the hearing officer was intimidating and yelled at her.

Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Ms. Dooley fails to overcome the presumption of honesty and integrity that Hearing Officer Wright is entitled to.

Moreover, there is no due process right entitling Ms. Dooley to a hearing officer who is not "intimidating" or "yelling." *See Wolff,* 418 U.S. at 563–71; *Hill*, 472 U.S. at 454-57. The United States Supreme Court has cautioned lower courts "not to add to the procedures required by *Wolff*, which…represents a balance of interests that should not be further adjusted in favor of prisoners." *See Baxter v. Palmigiano*, 425 U.S. 308, 314–24 (1976); *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

Thus, because there is no constitutional violation, Ms. Dooley is not entitled to habeas relief on this ground. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws).

**D.** **Request for Witnesses**

Ms. Dooley further asserts that despite requesting two witnesses, her requests were improperly denied. Ms. Dooley had asked to call two witnesses: (1) Officer Stewart for a statement that "they do run a bathroom line" and (2) medical for a statement that Ms. Dooley "has bathroom issues waiting to be addressed." Dkt. [15]-2. The hearing officer denied Ms. Dooley's request for a statement from Officer Stewart because it is a "well known fact" that "bathroom lines are ran [sic] on unit 12," and therefore the statement would be irrelevant. Dkt. [15]-3. The hearing officer also denied her request for a statement from medical because the document is kept on file and was unnecessary at the hearing. *Id.*

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

7

On a charge for disorderly conduct, it is irrelevant and unnecessary to show that there were bathroom lines and that Ms. Dooley had "bathroom issues". Moreover, the hearing officer accepted as true that there were bathroom lines and that Ms. Dooley had bathroom issues, so calling the witness would have been repetitive and unnecessary. Accordingly, habeas relief is not available to Ms. Dooley on this ground.

E. **Request for Video Tapes**

Ms. Dooley asserts that her request for the video tapes was improperly denied. Ms. Dooley had requested a video to show that there was a bathroom line from 11:00 p.m. to 5:00 a.m. Dkt. [15]-2. The disciplinary hearing board determined that "the request for video evidence from 11pm – 5am in regards to the unit running a bathroom line is irrelevant. It is a well known fact that bathroom lines are ran." Dkt. [15]-4.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure [sic] that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

On a charge for disorderly conduct, it is irrelevant and unnecessary to show that there were bathroom lines. Moreover, the hearing officer accepted as true that there were bathroom lines. A video showing the bathroom lines would not have been material or exculpatory. Habeas relief is also not available to Ms. Dooley on this ground.

8

## F. Removal from Hearing and Denial of Right to Testify

Ms. Dooley asserts that she was removed from the hearing before its conclusion and was denied the opportunity to speak on her own behalf.

A prisoner who is subject to a prison disciplinary proceeding is entitled to: (1) a hearing before an impartial decisionmaker, and (2) a qualified opportunity to present evidence. *See Wolff*, 418 U.S. at 563–71.

Ms. Dooley was entitled to a hearing in which she would have the opportunity to speak on her behalf. Based on the hearing report, the "Offender's Comments" box includes a full statement from Ms. Dooley: "I do not recall asking Ms. Lewis to use the restroom. It was over suicide watch. Between 11 and 5 we are to be let out as needed. I woke up with swelling. Instead of hurting myself I asked for help." Dkt. [1]-1 at 2; Dkt. [15]-5. Moreover, the hearing officer stated that Ms. Dooley's statement was considered in reaching the decision. It appears that Ms. Dooley's statement was taken before she was removed from the hearing for disruptive behavior. *See* Dkt. [15]-5 ("offenders [sic] attitude resulted in removal from hearing") (capitalization modified). Thus, even if the hearing officer unreasonably removed Ms. Dooley from the hearing, this action was harmless error because the evidence she wished to present was presented at the hearing. *See Jones*, 637 F.3d at 847 (the denial of the right to present evidence will be considered harmless, however, unless the prisoner shows that the evidence could have aided his defense). Therefore, habeas relief is not available to Ms. Dooley on the ground that she was unable to testify because she was removed from the hearing for being disruptive.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

9

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Dooley to the relief she seeks. Accordingly, Ms. Dooley's Petition for Writ of Habeas Corpus must be **DENIED** and the action **DISMISSED**.

Judgment consistent with this Entry shall now issue. The **Clerk is directed** to update the docket to reflect the substitution of Warden for Superintendent as the Respondent in this action.

**SO ORDERED.**

Date: 3/30/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dorris L Y Dooley, #259567
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, Indiana 46214

Abigail T. Rom
OFFICE OF THE INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov